---

## Case No. 11,308.

POSTMASTER GENERAL v. FURBER
et al.

SAME v. LATHROP et al.

[4 Mason, 333.] [1]

Circuit Court, D. Maine. May Term, 1827.

POST OFFICE ACCOUNTS—HOW CREDITS ARE TO BE APPLIED—OLDEST DEBITS—RUNNING ACCOUNTS.

Where there are items of debt and credit, in a running account between the postmaster general and the deputy postmasters, in the absence of any specific appropriation by either party, the credits are to be applied to the discharge of the debits antecedently due, in the order of the account.

[Followed in U. S. v. Wardwell, Case No. 16,-640. Cited in Boody v. U. S., Id. 1,636; U. S. v. Bradbury, Id. 14,635; Schuelenburg v. Martin, 2 Fed. 750.]

[Cited in Chapman v. Com., 25 Grat. 744, 746; Conduitt v. Ryan, 3 Ind. App. 9, 29 N. E. 160; Crompton v. Pratt, 105 Mass. 256; State v. Sooy, 39 N. J. Law, 549. Cited in brief in Wilson v. Burfoot, 2 Grat. 144.]

[Error to the district court of the United States for the district of Maine.]

These were actions of debt, brought officially by the postmaster general upon bonds given for the faithful performance of his

[1] [Reported by William P. Mason, Esq.]

duties, by one Benjamin Whittier, late postmaster at Belfast, Maine, who is since deceased. The bonds were in the usual form, with condition, that, if Whittier "shall well and truly execute the duties of his said office, and faithfully, once in three months, and oftener, if thereto required, render accounts of his receipts and expenditures, as postmaster, to the general postoffice, in the manner and form prescribed by the postmaster general in his several instructions to postmasters, and shall pay all moneys that shall come to his hands for the postages of whatever is by law chargeable with postage, to the postmaster general of the United States for the time being, deducting only the commission and allowances made by law for his care, trouble, and charges, in managing the said office, and shall also faithfully do and perform, as agent for the general post-office, all such acts and things as may be required of him by the postmaster general, and moreover shall faithfully account with said postmaster general for all moneys, bills, bonds, notes, receipts, and other vouchers, which he, as agent as aforesaid, shall receive for the use and benefit of said general post-office, then the above obligation shall be void and of no effect." The defendants [William Furber and another and Ansel Lathrop and another] moved by counsel to dismiss the suits for want of jurisdiction, and the district court sustained the motion; and the causes were, upon this dismissal, brought by writ of error to this court at the last term, and now remained for argument.

Mr. Shepley, for the United States.
Orr & Greenleaf, for defendants.

STORY, Circuit Justice. The question, as to the jurisdiction of the court, has been disposed of by the decision of the supreme court, at the last January term, in the case of Postmaster General v. Earley, 12 Wheat. [25 U. S.] 136. That case was stronger than the present, for it affirmed the jurisdiction of the circuit court, and the language conferring jurisdiction on the district court by the act of 1815, c. 252 [3 Stat. 244, c. 101], is far more direct and cogent. The words of the act are, "that the district court of the United States shall have cognizance concurrent with the courts and magistrates of the several states, and the circuit courts of the United States, of all suits at common law, where the United States, or any officer thereof, under the authority of an act of congress, shall sue, although the debt, claim, or other matters in dispute, shall not amount to one hundred dollars." The court decided, that the postmaster general had a right, under the acts of congress, to take bonds, like the present, and to sue thereon. So that the point, intended to be raised at the argument here, has been definitively disposed of. The judgment must therefore be reversed, and the cause tried at the bar of this court.

Afterwards it appeared, that the first bond was given by Whittier, and by Furber and another as his sureties, in May, 1813, in the penal sum of $500. In August, 1818, upon the requisition of the postmaster general, an additional bond was given by Whittier, with Ansel Lathrop and another as sureties, in the penal sum of $1,000, with a like condition. At the time when the second bond was given there was a balance due to the general post-office for postages received, and the sum now due for postages since received, exceeded that balance by $209.98. In the intervening time sundry sums had been paid to the general post-office on account, which, if applied for the purpose, would extinguish the balance due at the time of giving the second bond. The real contest, therefore, was between the sureties to the first and second bonds; and the only question made by them and presented for the consideration of the court was, whether the payments so made generally on account, after the giving of the second bond, should be applied to extinguish the prior balance, or were to be applied in discharge of the balance of postages received since the second bond was given.

STORY, Circuit Justice. The sums paid by the principal, since the second bond was given, having been paid upon account generally, are to be applied to extinguish the balance antecedently due. Such I understand to be the general rule, where there is a running account, composed of successive items of debt and credit on each side. In such case the payments are to be applied to extinguish antecedent items on the debit side, there being no specific appropriation by either party. It is the first item on the debit side of the account, that is discharged or reduced by the first item on the credit side. This doctrine was very deliberately settled by the master of the rolls in Clayton's Case, 1 Mer. 604, etc.; and it appears to me entirely consonant to equity and good sense, and the fair presumptions of intention as to appropriation; deducible from the nature of such transactions. The case of U. S. v. January, 7 Cranch [11 U. S.] 572, does not, according to my apprehension of it, inculcate a different doctrine. It is indeed somewhat difficult, from the facts of the case, as reported, to give a very definite interpretation of the opinion of the court. I confess myself never to have supposed, that it meant to go further than to reverse the erroneous opinions of the court below, upon the points ruled by it. The case of Manning v. Westerne, 2 Vern. 606, as explained in Mr. Raithby's note, appears to me to be in entire consonance with my own. It appears to me, that if, in the absence of any other distinct appropriation, the rule be, as I suppose it to be, there can be no difference, whether the case respects a principal or a surety. The rule supposes, that payments generally made are to be applied to extinguish or reduce

antecedent debits, according to the order of time, and when extinguished or reduced as to the principal, they are necessarily so as to all other persons. The case of Perris v. Roberts, 1 Vern. 34, 1 Eq. Cas. Abr. 147, 2 Ch. Cas. 83, is distinguishable. It turned upon the point of a presumed application of a payment, made generally to both items of an adjusted account, and has no bearing on payments made generally on running account.